

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ANDRE BERNARD EVANS and QUANISHA LACHAN EVANS, § § | |
| Plaintiffs, § | |
| vs. § | CIVIL ACTION NO. 0:24-6656-MGL-PJG |
| § § | |
| THOMAS CONCRETE INC., CHUCK ALLEN, JEFF SANDERS, and ZANE CARPENTER, § § § | |
| Defendants. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING SOME OF THE CLAIMS

Plaintiffs Andre Bernard Evans (A. B. Evans) and Quanisha Lachan Evans (Q. L. Evans) filed this lawsuit against Defendants Thomas Concrete Inc., Chuck Allen (Allen), Jeff Sanders (Sanders), and Zane Carpenter (Carpenter). A. B. Evans and Q. L. Evans are representing themselves.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court all Q. L. Evans's claims be dismissed, and all A.B. Evans's claims against Allen, Sanders, and Carpenter be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 20, 2025, but both A. B. Evans and Q. L. Evans failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, and incorporates it herein. It is therefore the judgment of the Court all Q. L. Evans's claims are **DISMISSED WITHOUT PREJUDICE**, and all A.B. Evans's claims against Allen, Sanders, and Carpenter are **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 24th day of April, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

B. Evans and Q. Evans are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.