

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| ANDRE BERNARD EVANS,<br>　　　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION 0:24-6656-MGL |
| | § | |
| THOMAS CONCRETE, INC.,<br>　　　　　　Defendant. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Andre Bernard Evans (Evans) filed this job discrimination lawsuit against his former employer, Defendant Thomas Concrete, Inc. (Thomas Concrete). Evans is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Thomas Concrete's motion to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 30, 2025; Evans filed his objections to the Report on July 11, 2025; and Thomas Concrete filed its reply to Evans's objections on July 16, 2025. The Court has carefully considered Evans's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Here is the totality of Evans's objections:

> I, Andre Evans[,] would like to reject the [Report] brought forth by Thomas Concrete. I am asking the [C]ourt to proceed with ligation against Thomas Concrete. The initial court filing and the corresponding have been in compliance with the court dates and times. The reasons for the objection are there is evidence and witnesses for the discrimination case.

Objections at 1.

As is evident, Evans wholly fails to bring any specific objections to the Report. As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court is required to review the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted). Nevertheless, in an abundance of caution, the Court has gone ahead and conducted a de novo review of the record in this case.

Given the somewhat unusual circumstances here, the Court thinks a brief discussion of its decision here is warranted.

2

Thomas Concrete contends Evans's case is time barred. An action such as this must be brought by the plaintiff within ninety days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(f)(1) (Title VII). To satisfy this requirement, the plaintiff must, of course, "commence [the] civil action against the allegedly offending employer." *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 545 (2019).

The EEOC issued the right-to-sue letter to Evans on August 20, 2024. Evans says he received it on the same date. But, how could that be?

This initially gave the Court some pause. Upon further reflection, however, and although Evans fails to say so, the Court assumes he received the right-to-sue letter electronically. This would explain how he received the August 20, 2024, letter the same day the EEOC issued it.

As per the docket in this case, Evans waited until November 20, 2024, to file his complaint. This is ninety-two days after he received his right-to-sue letter from the EEOC. And, unfortunately for Evans, "a claimant who fail[s] to file a complaint within the [ninety]–day statutory time period mandated by Title VII . . . forfeit[s] [his] right to pursue [his] claim." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989).

Although the equitable tolling doctrine can apply to Title VII's ninety-day filing requirement, *Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993), Evans has failed to offer a basis for the proper allowance of it here. Consequently, for these reasons, the Court agrees with the Magistrate Judge's determination Thomas Concrete's motion to dismiss should be granted.

In sum, because Evans neglects to make any specific objections to the Report, and the Court agrees Evans's Title VII claims are time barred, the Court will overrule Evans's non-specific objections and accept the Magistrate Judge's recommendation as to the disposition of this case.

Inasmuch as the Magistrate Judge warned Evans of the consequences of failing to file specific objections, Report at 4, he has waived appellate review. *See Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Evans's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Thomas Concrete's motion to dismiss is **GRANTED**. The dismissal of Evans's claims is **WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 31st day of July, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\* \* \* \* \*
**NOTICE OF RIGHT TO APPEAL**

Evans is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.